UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

MICHAEL JAMES KRUSELL,

     Plaintiff,      Case No. 1:21-cv-484

v.             Honorable Paul L. Maloney

JOE BIDEN et al.,

     Defendants.
_____/

## OPINION

   This is a civil rights action brought by a county inmate under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c).  The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  Applying these standards, the Court will dismiss Plaintiff's complaint because it is frivolous.

## Discussion

### I.  Factual allegations

   Plaintiff is presently detained at the Emmet County Correctional Facility in Petoskey, Emmet County, Michigan.  Plaintiff sues United States President Joseph Biden,

Michigan Governor Gretchen Whitmer, Emmet County Sheriff Peter Wallin, and University of Michigan Psychologists Laura Hershbiener and Thomas Zimmer.

Plaintiff's complaint is virtually devoid of factual allegations much less of unlawful conduct involving Defendants.  Plaintiff alleges that "DR Laura Eisenhower says Icke Eisenhower signed treaty with 'Valient thor' Hon. Paul Helyer ex Canadian Defense Minister says same . . . . Helyer says treaty co-op with Alien Federation on earth is FACT."  (Compl., ECF No. 1, PageID.3 (verbatim).)  The complaint further makes unclear allegations about elections and election systems, his accounts on social media, obscure individuals, patents, treason, ions, and poison.  Although Plaintiff alleges that he suffers from several medical issues, he appears to allege that his medical problems were caused by a "Nazi evil Operation MOLDICE" that developed a "fungal nanotech virus from DARPA."  (*Id.*, PageID.5 (verbatim).)

## II.     **Frivolity**

An action may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Brown v. Bargery*, 207 F.3d 863, 866 (2000); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  Claims that lack an arguable or rational basis in law include claims for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which clearly does not exist; claims that lack an arguable or rational basis in fact describe fantastic or delusional scenarios.  *Neitzk*e, 490 U.S. at 327–28; *Lawler*, 898 F.2d at 1199.  An *in forma pauperis* complaint may not be dismissed, however, merely because the court believes that the plaintiff's allegations are unlikely.  *Id.*

In this case, the Court is completely unable to discern the allegations contained in Plaintiff's complaint.  While the complaint itself is generally legible, the words often do not form coherent sentences, nor do they convey clear thoughts.  Because the Court is unable to decipher Plaintiff's rigmarole, his complaint necessarily lacks an arguable basis either in law or fact.  *See*

*Neitzke*, 490 U.S. at 395; *see also Parker v. Parker Int'l/Parker Tobacco Co.*, No. 89-6078, 1990 WL 63523, at *1 (6th Cir. May 11, 1990).  Moreover, Plaintiff's complaint presents a variety of rambling and incoherent claims in violation of the short and plain statement requirement of Fed. R. Civ. P. 8.  Even giving the most liberal construction to Plaintiff's complaint, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is unable to find that a cause of action has been alleged much less against any Defendant.

## <u>Conclusion</u>

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed as frivolous, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous.  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  Accordingly, the Court certifies that an appeal would not be taken in good faith.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated:   August 9, 2021                            /s/ Paul L. Maloney
                                                   Paul L. Maloney
                                                   United States District Judge